**STATE OF LOUISIANA**       *      **NO. 2019-KA-0074**

**VERSUS**      *

     **COURT OF APPEAL**

**AHMAD RAINEY**      *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 528-085, SECTION "G"
Honorable Dennis J. Waldron, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
**ON REMAND FROM THE LOUISIANA SUPREME COURT**

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany G. Chase)

Leon Cannizzaro
DISTRICT ATTORNEY ORLEANS PARISH
Donna Andrieu
Kyle Daly
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

         COUNSEL FOR STATE/APPELLEE

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

         COUNSEL FOR DEFENDANT/APPELLANT

                 **VACATED; REMANDED**
                   **October 21, 2020**

PAB
RLB
TGC

This is a criminal appeal on remand by the Louisiana Supreme Court. This Court, in *State v. Rainey*, 19-0074 (La. App. 4 Cir. 10/9/19), 282 So.3d 360, affirmed Defendant's, Ahmad Rainey, conviction of manslaughter, by unanimous verdict, and conviction of obstruction of justice, by a verdict of ten to two; the sentences were vacated and remanded for resentencing. Defendant sought review by the Louisiana Supreme Court, and it ordered this Court to conduct a new error patent review as to the obstruction of justice conviction, in light of *Ramos v. Louisiana*, 590 U.S.___, 140 S.Ct. 1390 (2020) (hereinafter referenced as "*Ramos*"). In *Ramos*, the United States Supreme Court held that non-unanimous jury verdicts are unconstitutional in state felony prosecutions. In accordance with *Ramos*, we vacate Defendant's conviction of obstruction of justice and remand for a new trial.

## DISCUSSION

The facts of this case were set out in detail in this Court's appellate opinion.[1] Defendant was indicted by a grand jury, in counts one and two, with second-degree murder of Vernon Lewis and Daniel Millon (La. R.S. 14:30.1) and, in count five, with obstruction of justice by tampering with evidence (La. R.S. 14:130.1). A co-defendant was also charged in the indictment, but the State severed the trials.

On April 9, 2018, the day before jury selection began, the State filed a motion to invoke firearm sentencing enhancement provision, pursuant to La. C.Cr.P. arts. 893.1-893.3, as to Defendant's sentences to be imposed on the charges of second degree murder based on Defendant's use of a firearm. After a two-day jury trial, Defendant was found, on count one, guilty to the responsive verdict of manslaughter of Mr. Lewis (unanimous verdict); on count two, not guilty of second-degree murder of Mr. Millon; and on count five, guilty of obstruction of justice (verdict of ten to two). Following denial of Defendant's motion for new trial, a sentencing hearing was held, and Defendant was sentenced to twenty-eight (28) years imprisonment, at hard labor, for manslaughter and twenty (20) years imprisonment, at hard labor, for obstruction of justice, with the sentences to run concurrently. The district court applied the sentencing enhancement provision of La. C.Cr.P. art. 893.3(E)[2] to both sentences.

An appeal followed, wherein Defendant raised three assigned errors:

---

[1] *Rainey*, 19-0074, 282 So.3d 360.

[2] "[I]f the firearm is discharged during the commission of such a violent felony, the court shall impose a minimum term of imprisonment of not less than twenty years nor more than the maximum term of imprisonment provided for the underlying offense." La. C.Cr.P. art. 893.3(E).

3

1. The State committed prosecutorial misconduct by severing co-defendant on the morning of trial, depriving Defendant of due process and a fair trial;

2. The district court erred in sentencing Defendant for manslaughter under the firearm sentencing enhancement provisions of La. C.Cr.P. art. 893.3 because the State "filed the required notice too late"; and

3. Defendant's Sixth and Fourteenth Amendment rights were violated by the lack of a unanimous jury verdict on the conviction of obstruction of justice.

On appeal, this Court conducted an error patent review and affirmed Defendant's convictions, but vacated his sentences.[3] Following, Defendant was resentenced by the district court.[4]

Defendant applied for a writ of certiorari, which the Louisiana Supreme Court granted and issued the following *per curiam*:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).
>
> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). . . .

*State v. Rainey*, 19-01795, p. 1 (La. 6/3/20), 296 So.3d 1042, 1043, *reh'g denied*, 19-01795, 2020 WL5904892, at *1 (La. 10/6/20).

A review of the record for errors patent[5] reflects that Defendant was convicted of obstruction of justice by a non-unanimous jury verdict. As a result, in

---

[3] This Court vacated the sentences on the basis that the district court erred in applying the firearm sentencing provisions of La. C.Cr.P. art. 893.3. Defendant raised the sentencing error as to the manslaughter conviction, and this Court recognized the error as an error patent as to the obstruction of justice conviction.

[4] The minute entry of March 9, 2020 reflects that Defendant was resentenced to twenty-eight (28) years imprisonment, at hard labor, for manslaughter and twenty (20) years imprisonment, at hard labor, for obstruction of justice, with the sentences to run concurrently.

4

light of *Ramos*, we find that Defendant's conviction of obstruction of justice, which was by non-unanimous jury verdict, is unconstitutional. Consequently, Defendant's conviction and sentence for obstruction of justice are vacated, and the case is remanded to the district court for further proceedings.

## CONCLUSION

Pursuant to *Ramos*, Defendant's conviction and sentence for obstruction of justice are vacated, and the case is remanded to the district court for further proceedings.

**VACATED; REMANDED**

---

[5] By the Louisiana Supreme Court designating the issue of a non-unanimous jury verdict as an error patent, whether the issue was properly preserved for review need not be addressed. We note, however, the appellate record reflects that following the district court's instructions to the jury, defense counsel objected stating, "I want [to] object to the less than unanimous verdict that's in Louisiana law. . . ." In addition, Defendant raised the issue on appeal. This Court discussed that the statutory, constitutional, and jurisprudential law in effect at the time the issue was reviewed on appeal provided for a non-unanimous jury verdict for a conviction of obstruction of justice. *Rainey*, 19-0074, pp. 22-23, 282 So.3d at 374.